IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ROBERT ARNOLD SHARPE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANGIE BROWN, Employee of the ) <br> Department of Family and Children ) <br> Services, and SHELIA SMITH, DFCS Case ) <br> Worker, ) <br> ) <br> Defendants. ) | CV 310-093 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Berrien County Jail ("BCJ")[1] in Nashville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment

---

[1] The events giving rise to the complaint took place while Plaintiff was in Laurens County in order to attend a hearing in Laurens County Superior Court. (Doc. no. 1, p. 5.)

in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous under § 1915(g): (1) Sharpe v. Berrien Cnty. Dist. Attorney, CV 710-055 (M.D. Ga. July 26, 2010); (2) Sharpe v. Heath, CV 710-082 (M.D. Ga. Sept. 13, 2010); and (3) Sharpe v. McNeely, CV 710-094 (M.D. Ga. Sept. 13, 2010).[3] As Plaintiff filed a complaint that was dismissed as frivolous in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can

---

[2] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[3] Plaintiff had a fourth case, Sharpe v. Helms, CV 710-077 (M.D. Ga. Oct. 6, 2010), that was also dismissed as frivolous under § 1915(g).

2

demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

B.   **No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in the above-captioned complaint supports a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Plaintiff merely contends that on October 12, 2010 he was transported from the BCJ to the Laurens County Jail. (Doc. no. 1, p. 5.) Plaintiff alleges that Defendants Brown and Smith, two employees of the Division of Family and Children Services ("D.F.C.S"), approached Plaintiff's wife in Laurens County. (Id.) Plaintiff further alleges that Defendants Brown and Smith told Plaintiff's wife that D.F.C.S. would take her children away if she did not leave Plaintiff and move out of Georgia. (Id.)

Thus, Plaintiff's allegations do not support a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

C.   **Dishonesty in Complaint**

Moreover, the form complaint Plaintiff used to commence this case, "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia," requires that prisoner

3

plaintiffs disclose whether they have brought other federal lawsuits while incarcerated and the disposition of any such suits. (Doc. no. 1, pp. 2-4.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with facts other than those in this action, Plaintiff did not list a single case. (Id. at 2-3.) Therefore, Plaintiff failed, under penalty of perjury, to fully disclose all prior federal lawsuits that he has brought while incarcerated. (Id.) Plaintiff failed to include all four of the cases listed above as well as: Sharpe v. Tomlinson, CV 710-093 (M.D. Ga. *filed* Sept. 1, 2010), and Sharpe v. Connell, CV 710-113 (M.D. Ga. *filed* Oct. 08, 2010). Simply put, Plaintiff's answer to the question regarding his prior history of filings of cases involving facts other than those involved in this action was improper, and he has lied, under penalty of perjury, about these prior filings.

Additionally, a question on page three of the form Plaintiff submitted requires that he list any lawsuit where he was allowed to proceed IFP and that lawsuit was dismissed because it was frivolous, malicious or failed to state a claim. Here, again, Plaintiff failed to list all four cases cited above from the Middle District of Georgia that were dismissed for being frivolous, and, again, lied, under penalty of perjury, about his prior filings.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As

4

> a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted).[4]

In sum, Plaintiff has accumulated four strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that

---

[4]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED AND RECOMMENDED this 23rd day of November, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE